Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Robert P. Griffin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. GRIFFIN, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS INC, is a corporation; BANK OF AMERICA, is a corporation; WILSHIRE CREDIT CORP, an unknown business entity form unknown, and DOES 1-15, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff ROBERT P. GRIFFIN ("Plaintiff") is a resident of County of Ventura, State of California.

2. Defendants EXPERIAN INFORMATION SOLUTIONS INC ("EXPERIAN") is a business entity, form unknown, doing business in the State of California as credit bureau which receives negative credit information about

---

COMPLAINT FOR DAMAGES

consumers and which then publish such information in credit reports available to its subscribers.  BANK OF AMERICA is a business entity which, among other activities, transfers allegedly delinquent debts, and the reportable status of these debts, to debt collectors.  For purposes of this complaint, plaintiff *is not* alleging that BANK OF AMERICA is a furnisher of credit information.  WILSHIRE CREDIT CORP is an entity owned by BANK OF AMERICA, and among other activities reports allegedly delinquent debt to the credit bureaus and is a furnisher under the Fair Credit Reporting Act.

     3. Defendants DOES 1-15 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-15, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

     4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 15, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 15, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each

Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST EXPERIAN, WILSHIRE CREDIT AND DOES 1-10, INCLUSIVE]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EXPERIAN, a credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about May 12, 2014, Plaintiff notified EXPERIAN that since December 2009, defendant was reporting erroneous information on Plaintiff's credit profile from WILSHIRE CREDIT CORP. WILSHIRE CREDIT was reporting ND for December 2009, 60 days late for January 2010 and 90 days late for February 2010. Plaintiff provided proof that he was never late on account #441xxxx in the form of cancelled checks written on his BANK OF AMERICA checking account #xxxx07386.

9. On or about July 11, 2014, Plaintiff notified WILSHIRE CREDIT that he made his payments on time and that he was not late on December 2009, January

2010 or February 2010. Plaintiff requested that WILSHIRE CREDIT remove the erroneous information appearing in Plaintiff's credit profile.

10. On or about December 2, 2015, EXPERIAN sent Plaintiff an updated credit report. This report was still displaying the WILSHIRE CREDIT account as ND for December 2009, 60 days late for January 2010 and 90 days late for February 2010.

11. Plaintiff notified EXPERIAN and WILSHIRE CREDIT CORP asking that they reinvestigate his account and remove the late payment information from his EXPERIAN credit report. On information and belief, EXPERIAN sent dispute notices to WILSHIRE CREDIT CORP, thereby activating WILSHIRE CREDIT CORP's obligations to Plaintiff under the Fair Credit Reporting Act.

12. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit report. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

13. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff' file after conducting an

investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

14. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

15. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
### [VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST BANK OF AMERICA AND DOES 11-15, INCLUSIVE]

16. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

17. Under the Rosenthal Fair Debt Collection Practices Act, defendants BANK OF AMERICA and DOES 11-15, Inclusive are obligated to conform their practices to the requirements of the federal Fair Debt Collection Practices Act, 15 USC Section 1692 et seq., which in turn are incorporated into the Rosenthal Act. Cal. Civ. Code Section 1788.17. Defendants BANK OF AMERICA and DOES 11-15, Inclusive, violated 15 USC Section 1692e (8), as incorporated into Rosenthal, by communicating to WILSHIRE CREDIT and possibly other debt collectors by communicating delinquent account information about an account or accounts which were not in fact delinquent.

18. The scope of this alleged violation is very specific: the transmission of the delinquent account information from BANK OF AMERICA and DOES 11-15, Inclusive, to WILSHIRE CREDIT and possibly other debt collectors. The scope of this alleged violation does not include any allegation that BANK OF AMERICA furnished information to any credit reporting agency.

19. These violations by BANK OF AMERICA and DOES 11-15, Inclusive, have damaged plaintiff in an amount to be proven at trial, using all remedies available under the Rosenthal Act.

## <u>THIRD CAUSE OF ACTION</u>

**[VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST WILSHIRE CREDIT AND DOES 1-10, INCLUSIVE]**

20. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

21. In furnishing credit information to one or more credit bureaus where WILSHIRE CREDIT and DOES 1-10, INCLUSIVE knew, or should have known,

that the credit information was inaccurate or incomplete, defendants WILSHIRE CREDIT and DOES 1-10, Inclusive, violated Cal. Civ. Code Section 1785.25 (a).

22. Plaintiff alleges that defendants' violations of Section 1785.25 (a) were willful, in that they were designed to wrongfully compel plaintiff to pay debts he did not owe or amounts he did not owe.  Plaintiff also alleges that defendant has inefficient and inadequate procedures for investigating credit disputes, resulting in frequent instances of inaccurate or incomplete credit reporting.

23. As a consequence of the violations of Section 1785.25 (a) by WILSHIRE CREDIT and DOES 1-10, Inclusive, plaintiff has suffered general and special damages according to proof.  He also seeks an assessment of punitive damages against these defendants.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: January 4, 2016          **ROBERT F. BRENNAN, A P.C.**

By: */s/ Robert F. Brennan*
Robert F. Brennan
Attorney for Plaintiff

COMPLAINT FOR DAMAGES